# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY GAZZIGLI,

    Plaintiff,

v.

WASHINGTON MUTUAL BANK, FA, et al.,

    Defendants.

3:12-cv-78-RCJ-VPC

**ORDER**

Currently before the Court is a Motion to Dismiss (#2) and a Motion to Expunge Lis Pendens (#3). The Court heard oral argument on July 2, 2012.

## BACKGROUND

**I.  Facts**

Plaintiff Anthony Gazzigli ("Plaintiff") executed a note secured by a deed of trust on a piece of property located at 7720 Yorkshire Drive, Reno, Nevada, 89506, which was recorded in Washoe County on October 24, 2005. (Deed of Trust (#2-1) at 2, 4). The mortgage, dated October 20, 2005, was for $176,000. (*Id.* at 2). The lender and beneficiary on the deed of trust was Washington Mutual Bank, FA. (*Id.*). The trustee on the deed of trust was California Reconveyance Company. (*Id.*).

On September 25, 2008, the Office of Thrift Supervision ("OTS") closed Washington Mutual because Washington Mutual was in an unsafe and unsound condition to transact business. (*See* OTS Press Release (#2-2) at 2). JP Morgan Chase acquired certain assets and liabilities from Washington Mutual from the Federal Deposit Insurance Corporation ("FDIC"). (*See* OTS Press Release (#2-2) at 2; OTC Receivership (#2-3) at 2).

On September 1, 2009, Plaintiff defaulted on his mortgage payments for an unspecified amount. (*See* Notice of Default (#2-5) at 2). On December 22, 2009, California Reconveyance Company filed a notice of default and election to sell with the Washoe County Recorder's office. (*Id.* at 2-3). Elena Martinez, assistant secretary for California Reconveyance Company, executed the notice of default. (*Id.* at 3). The notice of default identified the breach of obligations as "the 09/01/2009 installment of principal and interest and all subsequent monthly installments of principal and interest; plus any additional accrued and unpaid amounts including, but not limited to, late charges, advances, impounds, taxes, hazard insurance, administrative fees, insufficient and partial return check fees, statement fees, and obligations secured by prior encumbrances." (*Id.* at 2).

On April 8, 2010, California Reconveyance Company filed a certificate from the Nevada Foreclosure Mediation Program stating that the beneficiary could proceed with the foreclosure process because no request for mediation had been made or the grantor had waived mediation. (Foreclosure Certificate (#2-6) at 2).

That same day, April 8, 2010, California Reconveyance Company recorded a notice of trustee's sale with the Washoe County Recorder's office. (Notice of Trustee's Sale (#2-7) at 2-3). On January 27, 2011, California Reconveyance Company recorded a second notice of trustee's sale with the Washoe County Recorder's office. (Second Notice of Trustee's Sale (#2-8) at 2-3). On September 6, 2011, California Reconveyance Company filed a third notice of trustee's sale with the Washoe County Recorder's office. (Third Notice of Trustee's Sale (#2-9) at 2-3). The property has not been sold. (*See* Mot. to Dismiss (#2) at 11).

**II.    Complaint**

In February 2012, Defendants JP Morgan Chase Bank, N.A., an acquirer of certain assets and liabilities of Washington Mutual Bank from the FDIC acting as receiver, and California Reconveyance Company filed a petition for removal and attached Plaintiff's complaint from the Second Judicial District in Washoe County. (Pet. for Removal (#1); Compl. (#1-2)). In the complaint, Plaintiff sued Washington Mutual Bank, FA; California Reconveyance Company; JP Morgan Chase Bank, N.A.; and Elena Martinez (collectively

1  "Defendants").  (Compl. (#1-2) at 2).

2  In the complaint, Plaintiff alleged seven causes of action: (1) debt collection violations
3  under the Nevada Revised Statutes and Federal Fair Debt Collection Practices Act; (2)
4  violation of Nevada's Unfair and Deceptive Trade Practices Act, NRS § 598.0923; (3) violation
5  of Unfair Lending Practices, NRS § 598D.100; (4) violation of the covenant of good faith and
6  fair dealing; (5) violation of NRS § 107.080 *et seq.*; (6) quiet title; and (7) fraud in the
7  inducement and through omission.  (*Id.* at 22, 24-25, 27, 30, 35, 40).  Plaintiff sought
8  declaratory relief, reformation, and quiet title.  (*Id.* at 46-47).

## LEGAL STANDARD

10  When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court
11  must accept as true all factual allegations in the complaint as well as all reasonable inferences
12  that may be drawn from such allegations.  *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th
13  Cir. 2000).  Such allegations must be construed in the light most favorable to the nonmoving
14  party.  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  In general, the court
15  should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion
16  to dismiss.  However, the court may consider documents attached to the complaint or referred
17  to in the complaint whose authenticity no party questions.  *Id.*; *see Durning v. First Boston
18  Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

19  The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a
20  claim is to test the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th
21  Cir. 2001).  The issue is not whether a plaintiff will ultimately prevail but whether the claimant
22  is entitled to offer evidence to support the claims.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246,
23  249 (9th Cir. 1997) (quotations omitted).  To avoid a Rule 12(b)(6) dismissal, a complaint does
24  not need detailed factual allegations;  rather, it must plead "enough facts to state a claim to
25  relief that is plausible on its face."  *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022
26  (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955,
27  1964, 167 L.Ed.2d 929 (2007));  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949,
28  173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads

3

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**DISCUSSION**

I.  **Motion to Dismiss (#2)**

Defendants JPMorgan Chase Bank ("JP Morgan") and California Reconveyance Company file a motion to dismiss the entire complaint. (*See* Mot. to Dismiss (#2) at 5-14). Plaintiff filed a response. (Opp'n to Mot. to Dismiss (#7)). JP Morgan and California Reconveyance Company filed a reply. (Reply to Mot. to Dismiss (#9)).

In this case, the Court dismisses the first cause of action for debt collection violations. Pursuant to NRS § 649.370 a violation of any provision of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1682 *et seq.*, or any regulation adopted pursuant thereto, is a violation of Nevada law. Nev. Stat. Rev. § 649.370. Foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA, 15 U.S.C. § 1692.

4

*Camacho-Villa v. Great Western Home Loans*, 2011 WL 1103681, *4 (D. Nev. 2011). Additionally, "the FDCPA's definition of 'debt collector' does not 'include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned.'" *Id.* (quoting *Croce v. Trinity Mortg. Assurance Corp.*, 2009 WL 3172119, *2 (D. Nev. 2009)). As such, the Court grants the motion to dismiss the first cause of action without leave to amend.

The Court dismisses the second cause of action for violation of Nevada's Unfair and Deceptive Trade Practice Act. Under that statute, a person engages in deceptive trade practices when, in the course of his or her business or occupation he or she knowingly conducts the business or occupation, without all required state, county, or city licenses. Nev. Rev. Stat. § 598.0923(1). However, the statutes explicitly state that the following activities do not constitute doing business in this State: (1) maintaining, defending or settling any proceeding; (2) creating or acquiring indebtedness, mortgages, and security interests in real or personal property; and (3) securing or collecting debts or enforcing mortgages and security interests in property securing the debts. Nev. Rev. Stat. § 80.015(1)(a), (g)-(h). Because Defendants are explicitly exempt from acquiring licenses in this mortgage case, the Court grants the motion to dismiss the second cause of action without leave to amend.

The Court dismisses the third and seventh causes of action for unfair lending practices and fraud in the inducement and through omissions. The Unfair Lending Practices statute only applies to "lenders." Nev. Rev. Stat. § 598D.100(1). The lender in this case, Washington Mutual, no longer exists. Although JP Morgan acquired certain Washington Mutual liabilities and assets, JP Morgan did not assume any of Washington Mutual's lender liabilities. The Purchase and Assumption Agreement between the FDIC and JP Morgan, dated September 25, 2008, specifically states, "any liability associated with borrower claims . . . related in any way to any loan or commitment to lend made by the Failed Bank prior to Failure . . . are not specifically assumed by the Assuming Bank." (Purchase and Assumption Agreement (#2-4) at 2, 14). As such, none of the existing Defendants are liable for lender liabilities. Therefore, the Court grants the motion to dismiss the third cause of action for unfair lending practices.

Additionally, the Court grants the motion to dismiss the seventh cause of action for fraud in the inducement and through omission because none of the existing Defendants made any statements or omissions to Plaintiff regarding the lending process.

The Court dismisses the fourth, fifth, and sixth causes of action for violation of the covenant of good faith and fair dealing, violation of NRS § 107.080, and quiet title. Although there has been no foreclosure sale yet, California Reconveyance Company is the properly foreclosing entity and, thus, there is no defect in the notice of default and subsequent notices of trustee's sale. As such, the Court grants the motion to dismiss the fourth, fifth, and sixth causes of action. Accordingly, the Court grants the motion to dismiss (#2) in its entirety without leave to amend. Additionally, because there has not been a defective foreclosure the Court *sua sponte* dismisses Elena Martinez, a representative of California Reconveyance Company, from this case.

## II.    Motion to Expunge Lis Pendens (#3)

JP Morgan and California Reconveyance Company file a motion to expunge lis pendens. (Mot. to Expunge Lis Pendens (#3) at 15). Plaintiff filed a response. (Opp'n to Mot. to Expunge Lis Pendens (#8)). JP Morgan and California Reconveyance Company filed a reply. (Reply to Mot. to Expunge Lis Pendens (#10)).

The Court grants the motion to expunge lis pendens (#3) because there are no valid claims in this case.

*///*
*///*
*///*
*///*
*///*
*///*
*///*
*///*
*///*

6

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Motion to Dismiss (#2) is GRANTED in its entirety without leave to amend those causes of action.

IT IS FURTHER ORDERED that the Court *sua sponte* DISMISSES Elena Martinez from this case.

IT IS FURTHER ORDERED that the Motion to Expunge Lis Pendens (#3) is GRANTED.

IT IS FURTHER ORDERED that, pursuant to discussions at oral argument, Plaintiff has 15 days from the date of this order to amend his complaint to include a fraudulent signer cause of action if Plaintiff's investigation warrants such a cause of action.

DATED: This 6th day of July, 2012.

_____
United States District Judge